IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| MARÍA MAGDALENA MARTINEZ GONZÁLEZ,      )<br>)<br>)<br>  Petitioner,          )<br>)<br>  v.                 )<br>)<br>THOMAS DAVID PRESTON,    )<br>)<br>  Respondent.          ) | <br><br><br><br><br>CIVIL ACTION NO.<br>3:15cv282-MHT<br>(WO) |

OPINION

In this case, petitioner María Magdalena Martinez González asserted that her estranged husband, respondent Thomas David Preston, wrongfully and unlawfully removed their children from their home in Ciudad Juárez, Mexico and transported them to his home in Lanett, Alabama. She filed her petition pursuant to the Hague Convention on the Civil Aspects of International Child Abduction and requested return of the children to Mexico. This court ordered their return. Gonzalez v. Preston, 2015 WL 2402659 --- F.Supp.3d --- (M.D. Ala. 2015) (Thompson, J.). Relief

remains pending; this opinion summarizes the court's relief plan and the efforts of both parties and several outside agencies in assisting the court to develop and carry out that plan.

After receiving Martinez's petition, the court first issued a temporary restraining order and preliminary injunction prohibiting Preston and anyone cooperating with him from removing the children from Alabama while the court decided the case.  After a final hearing on the merits, the court found that the children were wrongfully removed in violation of the Hague Convention and the federal legislation implementing the Convention, the International Child Abduction Remedies Act, 22 U.S.C. §§ 9001-9011.  The court ordered the children be returned to Martinez in Ciudad Juárez so that a Mexican court can determine proper custody of the children under Mexican law.  See Gonzalez, --- F.Supp.3d at ---, 2015 WL 2402659, at *11; Judgment (doc. no. 23).

2

A case brought under the Hague Convention raises questions commonly faced by district courts, such as the interpretation of federal statutes and determinations of credibility.  But it also poses challenges with nuances less familiar to district courts, such as the interpretation of international law and treaties and the development of comprehensive logistical plans for the expeditious and safe return of young children across international borders.  As such, the Office of Children's Issues of the United States Department of State offers the consultation services of four "U.S. Network Judges" who are "experts in the Convention and other international family law issues"; these judges serve as a resource for courts with pending Hague Convention cases.  <u>See</u> Letter from the United States Department of State, Office of Children's Issues (doc. no. 13-1).  In this case, after the court reached out to the Department of State and the Network Judges for their assistance in developing a return

3

plan, Judge Judith Kreeger generously provided the court with feedback on the proceedings; sent several sample templates and proposed orders to the court to outline various plans for return; and offered helpful suggestions during an on-the-record conference call with the parties.

Through the efforts of counsel, the Consulate General of Mexico in Atlanta, Georgia also has offered invaluable help and assistance in this case. The Consulate General has agreed to expeditiously process Mexican passport applications for the children; to arrange and purchase airline tickets necessary for the children's travel; and to provide a consular official to chaperone the children from Atlanta to the international border between El Paso, Texas, and Ciudad Juarez, Mexico, where Martinez will meet the consulate official and receive the children into her custody.

Finally, in addition to their efforts in coordinating with the Consulate General of Mexico,

4

counsel for both parties have jointly developed a detailed and thorough logistical plan for the return of the children to their mother in Mexico.  The court commends counsel for their efforts in assisting the court to ensure that the return will proceed smoothly.

Under the plan, respondent Preston is to apply for Mexican passports for the children at the Consulate General of Mexico in Atlanta by May 29, 2015.  Once the passports have been issued, the Consulate General of Mexico will make the appropriate travel arrangements so that the children will be returned by June 12, 2015, and it will coordinate with Martinez for their arrival at the border.  Preston then will bring the children, their personal belongings, and their legal documents to the Atlanta airport, where they will be taken into the temporary custody of the Consulate General of Mexico to effectuate return.  The court will memorialize the plan in an order.

**The court also will provide an order transferring temporary custody of the children to the Consulate General of Mexico so as to allow a consular official to travel with the children to the Mexican border.**

**The orders will be entered separately.**

**DONE, this the 27th day of May, 2015.**

　　　　　　　　　　　　　　　　/s/ Myron H. Thompson
　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**